**UNITED STATES of America, Appellee,**

v.

**Lemuel MONT, Appellant.**

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1962.

Decided Feb. 21, 1962.

Louis Kaye, New York City, for appellant.

Charles B. Rangel, Asst. U. S. Atty., Southern District of New York, New York City, for appellee.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

PER CURIAM.

The motion is denied. The appellant may move for preference in the hearing of the appeal.

WATERMAN, Circuit Judge (dissenting).

I dissent. I would grant the motion conditioned both upon the posting of security for appellant's appearance in the amount of Ten Thousand Dollars ($10,-000.00), and upon strict compliance with our rules relative to progressing appeals—that is, the record on appeal is to be filed with the clerk on or before February 26, 1962 and appellant's brief and appendix on or before March 28, 1962.

Appellant was at large under $4,000 bail from arraignment on June 22, 1961 to the conclusion of the trial on December 22, 1961 and has no record to date of ever having been a bad bail risk. Appellant's counsel, who was also trial counsel, has filed with us an eight page affidavit in which he has detailed multiple claims of errors of law that occurred when a pre-trial motion to suppress evidence was denied, when evidentiary rulings were made during trial, when a motion to dismiss the indictment was denied and when the charge was delivered, —all of which appellant desires us to review on appeal. Without any reservation counsel has taken oath that the contents of this affidavit are true of his own knowledge. I am not prepared to consider unanswered statements so made by a member of the bar to the judges of this court prima facie prevarications.

In his answering affidavit the Assistant United States Attorney only says with reference to these claims of error:

"8. THIS APPEAL IS FRIVOLOUS, since the factual questions presented by defense counsel were decided by a jury and cannot be considered on appeal. No objections were taken by defense to the judge's charge."

Trial counsel's belief in the merits of his several claims of error may well be overoptimistic, but the disappointing answering affidavit is so inadequate that I believe it a judge's duty under our Rule 46(a) (2), F.R.Crim.Proc. 18 U.S.C.A. to allow bail pending this appeal, the bail to be revocable upon motion if it shall later appear that the appeal is taken for delay.